IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-327-LPS |
| PERRY PHELPS, et al., | : |
| Defendants. | : |

Christopher R. Desmond, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 1, 2015
Wilmington, Delaware

[signature] STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Christopher R. Desmond ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action as an emergency motion for injunctive relief, specifically for medical treatment. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Plaintiff has filed numerous motions (D.I. 5, 15, 16, 20), all of which the Court addresses. In addition, the Court proceeds to review and screen the initial pleading pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. BACKGROUND

The Court construes the emergency motion for injunctive relief as a complaint alleging deliberate indifference to Plaintiff's serious medical needs pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that he suffers from high blood pressure, his medication protocol is not working, and Defendants (presumably former Delaware Bureau of Prisons Chief Perry Phelps ("Phelps")[2] and VCC Warden David Pierce ("Pierce")) are delaying outside treatment. He seeks immediate medical care.

After the case was opened, Plaintiff contacted the Court and advised that he had not filed a new civil action and had not authorized any new civil actions in his name. (*See* D.I. 10) As explained in the Court's June 23, 2015 Order, although the instant pleading references Civ. No. 121120-SLR, it seeks medical treatment and is unrelated to Civ. No. 12-1120-SLR, which is a case that alleges constitutional and statutory violations with regard to the practice of religion and, more

---

[1] The Court will direct the Clerk of Court to indicate on the court docket that D.I. 1 is a complaint.

[2] Phelps currently hold the position of Delaware Department of Correction Deputy Commissioner.

1

particularly, Catholicism. Because of the instant pleading's content seeking medical treatment, a new case was opened, and Plaintiff was given leave to proceed *in forma pauperis* so that his medical needs claims could be addressed by the Court. (*See* D.I. 11) In the same order, Plaintiff was ordered to advise the Court whether he wished to proceed with this action or have the pleading docketed in his other pending case, Civ. No. 12-1120-SLR. Plaintiff did not comply with the order. Instead, he filed a motion to file an amended complaint (D.I. 15), a motion to convene a medical malpractice review panel (D.I. 16), and a motion to stay (D.I. 20).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson*

2

*v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief;

3

(2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

Phelps and Pierce are named defendants. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). There are no allegations in the complaint directed toward either Defendant. Therefore, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. MOTIONS

### A. Motion for Reversionary Interest in Filing Fee

Plaintiff, along with Joseph M. Walls ("Walls"), filed Civ. No. 12-1120-SLR, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. The filing fee was paid by Constance W. Scott-Conley on behalf of Abdul Madfidh as Salafi and later in the proceedings,

Walls was granted leave to proceed *in forma pauperis*. Plaintiff filed the instant pleading in Civ. No. 12-1120-SLR and, as discussed above, on April 22, 2015, a new case was opened because the issue in the instant pleading is unrelated to the issues raised in Civ. No. 12-1120-SLR. Plaintiff argues that this case and Civ. No. 12-1120-SLR are the same, that he has a property interest in the filing fee that was paid in Civ. No. 12-1120-SLR, and that due process dictates that the Court not confiscate his filing fee twice to file the same civil action. He asks the Court to withdraw its May 6, 2015 order (D.I. 3) that requires him to submit an application to proceed *in forma pauperis* and his prison trust account statement. (D.I. 5)

Since the filing of the motion, Plaintiff has submitted his prison trust account statement and an application to proceed *in forma pauperis* that has been granted. In addition, Plaintiff opted to file this pleading and was given the option of not proceeding with the case. He is required by statute to pay the filing fee. *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915. Therefore, the Court will deny the motion. (D.I. 5)

### B. Motion to Amend

Plaintiff moves to amend pursuant to Fed. R. Civ. P. 15. (D.I. 15) The proposed amendment adds a plaintiff, defendants, and raises claims unrelated to Plaintiff's medical needs claim regarding treatment for his hypertensive condition.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

5

The Third Circuit has adopted a liberal approach to the amendment of pleadings in an effort to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Plaintiff attempts to add new defendants and claims that are unrelated to the original complaint. In viewing the proposed amendment, the new claims do not appear to be logically or factually related to the original filings. Therefore, the motion will be denied. Plaintiff's remedy is to file a new complaint.

### C. Motion to Convene Medical Malpractice Review Panel

Plaintiff moves the Court to convene a medical malpractice review panel pursuant to Fed. R. Civ. P. 35 and Delaware Superior Court Civ. R. 71.2-71.2(b) to review his medical malpractice claims. (D.I. 16) Rule 35 of the Federal Rules of Civil Procedure does not provide for a medical review panel.

With regard to Rule 71.2(b), a "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court." Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except that such expert medical testimony shall not be required if a medical negligence review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court, reading § 6853(e) and Rule 71.2 together, has held that no affidavit of merit is required under Section 6853 where a timely demand to convene a medical malpractice review panel has been filed. *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Aug. 19, 2010).

Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil action in the District of Delaware alleging medical negligence, in the manner instructed by the federal court, but also in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. However, the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

7

The Court lacks authority to appoint a medical review panel for Plaintiff at the public's expense. *See e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has Plaintiff, who has been granted *in forma pauperis* status, indicated that he has the financial means for compensation and expenses of the medical review panel.

Accordingly, the Court will deny without prejudice the motion to convene a medical malpractice review panel. The Court will reconsider the motion upon a showing by Plaintiff of his financial ability to pay the compensation and expenses of the medical review panel.

### D. Motion to Stay

Plaintiff moves to stay or for an abeyance while he awaits a decision from the Superior Court of the State of Delaware interpreting 11 Del. C. § 6536 regarding medical care for inmates. (D.I. 20) It does not appear that Plaintiff has a case pending in the Delaware courts. Regardless, an interpretation of 11 Del. C. § 6536 is unnecessary for the disposition of this case. Therefore, the motion will be denied.

## VI. CONCLUSION

For the above reasons, the court will dismiss the Complaint for failure to state a claim upon which relief may be granted. Plaintiff will be given leave to amend his complaint. In addition, the Court will deny the remaining motions (D.I. 5, 15, 16, 20).

An appropriate order will be entered.